AMERICAN ASSOCIATION OF NATUROPATHIC PHYSICIANS, Plaintiff–Appellee,

v.

Donald C. HAYHURST; Jane Doe Hayhurst, Defendants–Appellants.

No. 99–35823.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 10, 2000

Filed Sept. 18, 2000

As Amended on Denial of Rehearing and Rehearing En Banc Nov. 1, 2000*

---

* With this amendment, the panel has voted unanimously to deny the petition for rehearing. Judges O'Scannlain and Gould have voted to deny the petition for rehearing en banc. Judge Alarcon recommended that the petition for rehearing en banc be denied.

Marianne Dugan, Facaros, Dugan, Rosas, Eugene, Oregon, for the appellants.

Lawrence D. Graham, Black, Lowe & Graham, Seattle, Washington, for the appellee.

Before: ALARCON, O'SCANNLAIN, and GOULD, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

We must decide, among other issues of civil procedure, whether a party who raises only one defense in a motion to vacate default judgment thereby waives all other defenses.

## I

This appeal is the latest round of antipathy in an ongoing feud between Nevada resident Donald Hayhurst[1] and the American Association of Naturopathic Physicians ("Association"). The Association is a nonprofit organization that acts as an advocate for naturopathic physicians nationwide. Hayhurst has a long history of creating and controlling groups with names or acronyms curiously similar to the Association. At the center of this case is an entity Hayhurst operated called the American *Academy* of Naturopathic Physicians. This Academy's acronym, like the Association's, is AANP, and Hayhurst referred to it as such in mailings and other promotional literature. More importantly, Hayhurst acquired the domain name www.aanp.com. Using that domain name, Hayhurst subsequently constructed a web site that referred repeatedly to the Academy as the "AANP."

On July 29, 1998, the Association sued Hayhurst in the United States District Court for the Western District of Washington for unfair competition, trademark infringement, service mark infringement, and trade name infringement. The Association dispatched a process server to 8170 Creek Water Lane in Las Vegas, Nevada. Hayhurst did not respond to the summons and complaint nor to the Association's motion for a default judgment, and on January 7, 1999, the district court entered a default judgment against him accordingly. On January 26, 1999, Hayhurst filed a motion under Fed.R.Civ.P. 60 to have the default judgment vacated and set aside. The district court referred the matter to a magistrate judge who held an evidentiary hearing to determine the facts underlying the service of process. After weighing the credibility of the parties, the magistrate judge found unambiguously for the Association, recommending that Hayhurst's motion to vacate and to set aside the default judgment be denied and that his motion to dismiss also be denied. Chief Judge Coughenour agreed and adopted the magistrate judge's recommendation in toto. Hayhurst filed this timely appeal.

## II

 Hayhurst first argues that the district court could not exercise personal jurisdiction over him. A fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under Fed.R.Civ.P. 12 must be raised at the first available opportunity or, if they are not, they are forever waived. *See* Fed.R.Civ.P. 12(g), (h). Rule 12(h) provides that a "defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading . . . ." *Id.* Rule 12(g) states that "[i]f a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion,

---

1. The Association also sued Hayhurst's wife, Patricia Hayhurst, who appeals the default judgment jointly with her husband. Mrs. Hayhurst is in precisely the same position as her husband with regard to the issues on appeal.

the party shall not thereafter make a motion based on the defense or objection so omitted. . . ." *Id.*

Upon learning of the default judgment against him in this case, Hayhurst on January 26, 1999, filed pro se a motion to vacate and to set aside the default judgment under Fed.R.Civ.P. 55(c). In this pleading, Hayhurst asserted the defense of improper service under Rule 12(b)(5), but did not assert the defense of lack of personal jurisdiction under Rule 12(b)(2). The Association argues that Hayhurst's motion counts as his first responsive pleading for the purposes of waiver under Rule 12. Hayhurst argues that his motion does not count for the purposes of waiver because it was filed under Rule 55 and not Rule 12. We are not persuaded by Hayhurst's interpretation.

The essence of Rule 12—embodied in the combined language of 12(g) and 12(h)—is that a party "who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses [personal jurisdiction, improper venue, insufficient process, or insufficient service] he then has and thus allow the court to do a reasonably complete job." Fed.R.Civ.P. 12 advisory committee's note, 1966 Amendment, subdivision (h). Thus, if Hayhurst raised *any* Rule 12 defenses in his first filing to the court, he was obliged to raise *all* of those specified in Rule 12(h).

The fact that Hayhurst's first filing was not dubbed a "Rule 12" motion is of no significance. The rule applies with equal effect no matter what is the title of the pleading. Indeed, in *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1399 (7th Cir.1993), the Seventh Circuit held that a party had waived their defense of personal jurisdiction by not raising it in their Rule 55 motion, which was also the first filing to the court. There, the court explicitly found that the motion made pursuant to Rule 55 "was, in essence, a Rule 12 motion. . . ." *Id.* When a party does not respond to a complaint and default judgment is entered, a Rule 55 motion will very frequently be the first document filed with the court. Hayhurst's Rule 55 motion was also a "Rule 12" motion in that he raised a Rule 12 objection in it, asserting insufficiency of service of process under Rule 12(b)(5).

■ Hayhurst accurately points out that a defendant remains free to challenge personal jurisdiction after a default judgment has been entered. That is a general principle that remains true until the defendant affirmatively waives his objection, as Hayhurst did here. Hayhurst's invocation of this point is inapposite because, although he certainly did have the right to object to personal jurisdiction after the default judgment was entered against him, he then squandered that opportunity by failing to raise it.

■ Hayhurst also argues that he did raise personal jurisdiction in his first filing with the court because he argued in his Rule 55 motion that he "had not been properly served." This confuses two separate defenses under Rule 12(b). An objection based on insufficiency of service of process is delineated under Rule 12(b)(5); one based on "lack of jurisdiction over the person" is set forth under Rule 12(b)(2). Hayhurst is obviously well aware of the difference between these two defenses, as he distinguishes them in his appeal briefs.

■ Finally, Hayhurst invokes the equities of the situation, pointing out that his initial filing was made pro se and arguing that the requirements of Rule 12 are "not something a pro se defendant can be expected to know." As for the equities in this case, Hayhurst is on thin ice: despite receiving three notices concerning the status of this matter, he resolutely ignored the court and the Association until a judgment had been filed against him; then, when he did appear, he made protestations of innocence that were found to be wholly untrue by the district court. Even ignoring this behavior, however, a pro se litigant is not excused from knowing the most basic pleading requirements. *See, e.g.,*

*Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 382 (9th Cir.1997) (acknowledging the rule that "pro se litigants are not excused from following court rules").

Hayhurst concludes his attempts to stave off his waiver of this issue by asserting that the "rule has never been held to extend to the timing of post-default pleadings." But, that is precisely what happened in *O'Brien,* 998 F.2d at 1399. The evidence is quite clear that Hayhurst's first responsive pleading to the district court raised one Rule 12 defense but did not object to personal jurisdiction. Thus, we conclude that he has waived his ability to challenge jurisdiction now. Therefore, we need not decide the merits of Hayhurst's personal jurisdiction argument.

### III

■ Hayhurst also adamantly, though not very convincingly, maintains that he was never served with the summons and complaint in this case. He has, however, already had his opportunity to present his side of the case to the district court, which emphatically found that his version of events was not credible.

Hayhurst contends that the address at which the Association attempted to serve him does not belong to him but instead to his daughter. He also argues that the description of him proffered by the Association's process server describes someone "grossly different" than him. The district court disagreed. Instead, it found that Hayhurst did live at the Creek Water Lane address because, in a document filed with the court, Hayhurst acknowledged as much. In that document, Defendants' Objection to Plaintiff's Opposition to Motion to Vacate & Set Aside Default Judgment, Hayhurst responded to the process server's claim that he knocked on Hayhurst's door at the Creek Water Lane address not by pointing out that this is not his address, but instead by arguing that one cannot knock on the front door because there is a security gate in the way. To settle conclusively the point that Hayhurst lived at the Creek Water address, the Association produced an invoice in Hayhurst's name for that security gate.

As for the alleged inaccuracies in the process server's description of Hayhurst, the district court had no way of evaluating that claim since Hayhurst refused to appear before the magistrate judge. He did describe himself to the court and sent along some photographs, but, again, the court had no means of verifying the accuracy of either. This situation is a classic instance of competing testimony, and it is well established that the "district court is in the best position to determine the veracity of a witness's statements." *United States v. Little,* 753 F.2d 1420, 1445 (9th Cir.1984). In resolving this factual dispute in favor of the Association, the district court did not clearly err—Hayhurst was served with the complaint and summons.

### IV

■ Hayhurst's third argument is that the district court erred by refusing to set aside the default judgment. Once judgment by default has been entered against a party under Rule 55(b), the judgment may be set aside for "mistake, inadvertence, surprise, or excusable neglect, or fraud, misrepresentation or other misconduct of an adverse party." *Cassidy v. Tenorio,* 856 F.2d 1412, 1415 (9th Cir.1988) (internal quotation marks and ellipses omitted). The Ninth Circuit has stated that a district court may deny a motion to vacate a default judgment if:

(1) the plaintiff would be prejudiced if the judgment is set aside, (2) defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default.

*In re Hammer,* 940 F.2d 524, 525–26 (9th Cir.1991). The court in *Hammer* further stated explicitly that "[t]his tripartite test is disjunctive," meaning that the district court would be free to deny the motion if any of the three factors was true. *Id.* at 526.

■ The district court held that "Defendants fail on all three legs of the test." Certainly, that appears to be true as to the second and third prongs of the *Hammer* test.[2] With regard to the second prong, because Hayhurst has waived his jurisdictional objection, cannot credibly claim insufficient service of process, and has raised no other defenses to the Association's claims of trademark infringement, he has no "meritorious defense" to those claims.

With regard to the third prong, Hayhurst himself was purely the cause of the default. He repeatedly attempted to avoid the Association's attempts to provide him with documents pertaining to the lawsuit. The court in *Hammer* made clear that "the trial court's denial of a motion to vacate a default judgment will be affirmed if the defendant's own culpable conduct prompted the default." 940 F.2d at 526. That is precisely the situation in this appeal, and the district court did not abuse its discretion in so ruling. Thus, we uphold the denial of Hayhurst's motion to vacate and set aside the default judgment.

## V

■ After Hayhurst filed his appeal in this case, the district court ordered him to post a $30,000 supersedeas bond to cover costs on appeal as well as to secure the judgment of $11,900 assessed against him. Hayhurst argues that this bond was excessive.

Hayhurst's sole argument is that the court's order "is unsupported and should be reversed" because it is far greater than the $1000 bond requested by the Association to cover costs on appeal. This argument ignores, however, the fact that the district court filed a subsequent order—after the appeal briefs had been filed—clarifying that the bond was "to cover costs on appeal *and the money judgment.*"

Given these dual justifications, there does not appear to be anything unreasonable about the amount of the bond. *See Montserrat Overseas Holdings, S.A. v. Larsen,* 709 F.2d 22, 24–25 (9th Cir.1983). Certainly, the district court did not abuse its discretion in requiring it.

## VI

■ The district court awarded the Association $4,354.25 in attorneys' fees and Hayhurst objects to this award because, he argues, this case was not "exceptional," as required by the statute. *See* 15 U.S.C. § 1117(a). In *Molloy v. Wilson,* 878 F.2d 313, 315 (9th Cir.1989), however, we held that "[a]n appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment." In this case, an inquiry into whether Hayhurst's Lanham Act violations were "exceptional" would require an analysis of the merits of the Association's claims, and, according to *Molloy,* the merits of these claims are not before us on this appeal. Thus, Hayhurst's attack on the propriety of attorneys' fees in this case is not properly before this court on appeal and we do not address it.

AFFIRMED.

---

2. The district court appears to suggest that the Association would be prejudiced—in satisfaction of the first *Hammer* prong—because "they have duly sought resolution of the dispute ... and have played by the rules." Absent a showing of some evidentiary or financial loss, however, the Association is unlikely to prove prejudice. Nonetheless, the Association can prevail by satisfying the second or third prong of the *Hammer* test.