Paul CLARK, Sr., Plaintiff,

and

Steven Johnson, Plaintiff—Appellee,

v.

ANDOVER SECURITIES, Defendant,

and

Jinco Leasing Corporation; Wayne Morrison, Defendants— Appellants.

No. 00–55477.

D.C. No. CV–96–01023–JM.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 7, 2002.*

Decided Aug. 13, 2002.

Before REINHARDT, TROTT, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Wayne Morrison and Jinco Leasing (collectively "Defendants") appeal the district court's entry of default judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I Discussion

Defendants argue that we must set aside the default judgment because Johnson's service of process was improper and, alter-

---

** This panel unanimously finds this case suitable for decision without oral argument. See

natively, that their failure to respond was due to excusable neglect. We reject both arguments.

### A. Service of Process Under Fed. R.Civ.P. 4(e)

■ Defendants, residents of Colorado, argue that Johnson's service of process by certified mail did not comport with Colorado's Rules of Civil Procedure and was thus insufficient to establish jurisdiction. The Federal Rules of Civil Procedure provide that service may be effected "in any judicial district of the United States pursuant to the law of the state in which the district court is located." Fed.R.Civ.P. 4(e)(1). Johnson filed his complaint in the District Court for the Southern District of California. California authorizes service by certified mail. *See* Cal.Civ.Proc.Code §§ 415.30, 415.40. Process was, therefore, properly served on Defendants.

### B. Culpable Conduct

Federal Rule of Civil Procedure 55(c) provides that a district court may set aside an entry of default for good cause shown and, "if judgment by default has been entered, may likewise set is aside in accordance with Rule 60(b)." In this case, the district court treated Defendants' Opposition to Entry of Default as a Rule 55(c) motion to set aside the entry of default. The district court denied the motion and entered judgment for Johnson. Because Defendants did not move to set aside the default judgment, we treat their appeal as if the they had applied for and were denied relief under Rule 60(b). *See Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1391 (9th Cir.1988).

Fed. R.App. P. 34(a)(2).

"[A] district court may deny a motion to vacate a default judgment if: '(1) the plaintiff would be prejudiced if the judgment is set aside, (2) defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default."' *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir.2000) (quoting *In re Hammer*, 940 F.2d 524, 525–26 (9th Cir.1991)). Because " 'this tripartite test is disjunctive,' . . . the district court would be free to deny the motion if any of the three factors was true." *Id.* (quoting *Hammer*, 940 F.2d at 526). " '[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer.' " *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir.2001) (quoting *Albright*, 862 F.2d at 1392). "Intentionally" connotes more than a mere conscious choice; we require a showing that a defendant's conduct demonstrated a "devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698. We review the district court's factual findings for clear error and, if those findings are not clearly erroneous, we review its refusal to set aside the entry of default for abuse of discretion. *Albright*, 862 F.2d at 1391.

■ Here, the district court determined that Defendants' own culpability prompted the default. On two occasions, defense counsel received by certified mail a copy of Johnson's summons and the complaint. Yet, as the district court noted, "rather than filing an answer or motion to dismiss, defendants waited until approximately three weeks after default was entered to file a pleading not recognized under the Federal Rules of Civil Procedure in response to plaintiff's request for entry of default." Defendants explained that their dilatory conduct should be excused because plaintiff's counsel never responded to their letter in which they expressed their belief that service was not proper under Federal Rule of Civil Procedure 4. The district court thought otherwise:

> [P]laintiff's counsel's failure to respond to a letter does not negate defendants' culpability, as it does not excuse defendants' counsel's failure to research the law on the issue of proper service. Accordingly, the court finds that defendants' wilful failure to answer or otherwise properly defend this action after having actual notice of it counsels the denial of defendants' request to set aside default.

On this record, we cannot say that the district court's culpability determination was clearly erroneous. Indeed, it seems clearly correct given our observation that "we have tended to consider the defaulting party's general familiarity with legal processes or consultation with lawyers at the time of default as pertinent to the determination whether the party's conduct in failing to respond to legal process was deliberate, willful, or in bad faith." *Knoebber*, 244 F.3d at 699 n. 6; *see also Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988) (affirming default judgment where defendant, "as a lawyer, presumably was well aware of the dangers of ignoring service of process"); *Meadows v. Dominican Republic*, 817 F.2d 517, 522 (9th Cir.1987) (finding defendants culpable because they were "aware of [the] relevant federal law. . . . [and] sufficiently sophisticated and experienced in the requirements of American law to protect [their] interests").

Defense counsel argues that his mistaken interpretation of Federal Rule of Civil Procedure 4 should not be imputed to his clients. Counsel's attempt to fall on his own sword is unavailing. As this Court recently stated:

Under this circuit's precedent, a client is ordinarily chargeable with his counsel's negligent acts. Clients are considered to have notice of all facts known to their lawyer-agent. Because the client is presumed to have voluntarily chosen the lawyer as his representative and agent, he ordinarily cannot later avoid accountability for negligent acts or omissions of his counsel.

*Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir.2002) (internal quotation and citation omitted).[1]

Having found that Defendants' culpable conduct led to the default judgment, the district court did not abuse its discretion in denying their motion to set aside the default. *See Hammer*, 940 F.2d at 526 ("[T]he trial court's denial of a motion to vacate a default judgment will be affirmed if the defendant's own culpable conduct prompted the default.").

### C. Meritorious Defense

The district court also concluded that Defendants failed to present a meritorious defense. Defendants' arguments, that the district court lacked personal jurisdiction and that the statute of limitations had expired, were without merit. The district court acted within its discretion in denying the motion to set aside the default on this ground as well. *Compare Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984) (per curiam) (finding meritorious defense entitled appellee to setting aside of default judgment).

### AFFIRMED.

---

1. Though a default judgment may be set aside where the culpability stemmed from defense counsel's gross negligence, *see Tani*, 282 F.3d at 1169, Defendants do not argue that their

attorney's conduct sank to that level. Thus, we do not address the merits of such an argument.