**SOVEREIGN CAPITAL RESOURCES, LLC, a California limited liability company, Plaintiff—Appellee,**

v.

**ARMSTRONG SQUARE LIMITED PARTNERSHIP, a Maine limited partnership, et al., Defendants—Appellants.**

No. 02–55398.

D.C. No. CV–00–02919–MMM.

United States Court of Appeals, Ninth Circuit.

Submitted March 3, 2003.*

Decided March 10, 2003.

Before T.G. NELSON, SILVERMAN, and MCKEOWN, Circuit Judges.

## MEMORANDUM**

Appellants Armstrong Square Limited Partnership, Pamela Gleichman, et al. ap-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

peal the entry of default judgment and the subsequent denial of their motions to set aside the entry of default and the default judgment itself. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm the district court's ruling.

Because the parties are familiar with the facts, we will not recount them in detail except as necessary.

"[A] trial court has the discretion to deny a Rule 60(b) motion to vacate a default judgment if (1) the plaintiff would be prejudiced if the judgment is set aside, (2) defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default. This tripartite test is disjunctive." *Hammer v. Drago (In re Hammer)*, 940 F.2d 524, 525–26 (9th Cir.1991) (internal citations omitted). This means that the district court may deny the motion if any one of the three factors is true. *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir.2000). The burden is on the movants to show that these circumstances are met. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir.2001) (citing *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir.1988)).

■ The district court did not abuse its discretion or clearly err in ruling that appellants' conduct was culpable and that they were therefore not entitled to relief under Rules 55(c) and 60 of the Federal Rules of Civil Procedure. Gleichman failed to comply with the court orders to arrange for new counsel or proceed pro se. Gleichman even failed to appear at a hearing on the plaintiff's motion to strike the defendants' answer that was conducted *after* she finally (and improperly) sent an ex parte letter to the judge stating that she would henceforth represent herself.

■ Likewise, the district court did not abuse its discretion in ruling that appel-lants failed to establish a meritorious defense. In her declaration accompanying her motion to set aside default/default judgment, Gleichman states only the following: "I believe I have a meritorious defense to this lawsuit, as previously set forth in my answer to the complaint filed with the Court, and I want to proceed so that this matter can be decided on the merits." Although Gleichman's reply to the motion contains a bit more elaboration, it, too, was insufficient. It consisted of legal conclusions devoid of factual support.

We grant appellee's request for its reasonable attorneys' fees incurred in connection with this appeal. The determination of an appropriate amount of fees on appeal is referred to the court's special master, Appellate Commissioner Peter L. Shaw, who shall conduct whatever proceedings he deems appropriate, and who shall have authority to enter an order awarding fees. *See* 9th Cir. R. 39–1.9. The order is subject to reconsideration by this panel. *Id.*

AFFIRMED.