**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARDEN CITY BOXING CLUB, INC., | No. 09-16341 |
| Plaintiff - Appellee, | D.C. No. 2:07-CV-01563-RLH-GWF |
| v. | |
| VICTOR ARANDA, | MEMORANDUM[*] |
| Defendant - Appellant, and | |
| EL CHAMIZAL RESTAURANT, et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Chief District Judge, Presiding

Submitted May 25, 2010[**]

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Victor Aranda appeals pro se from the district court's order denying his motion to set aside a $35,000 default judgment for intercepting and broadcasting a boxing match at his Las Vegas restaurant in violation of applicable federal statutes. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1109 (9th Cir. 2000), and we affirm.

The district court did not abuse its discretion in denying the motion to set aside the default judgment because, contrary to Aranda's contention, the court was not required to conduct an evidentiary hearing to ascertain damages. *See* Fed. R. Civ. P. 55(b)(2)(B) (the court "may" conduct hearings when, to enter or effectuate default judgment, it needs to determine the amount of damages). The record shows that no such hearing was necessary because plaintiff submitted lost profits and other evidence from the illegal broadcast to allow the district court to calculate damages within the applicable statutory limits. *See* 47 U.S.C. §§ 553(c)(3)(B), 605(e)(3)(c)(iii).

**AFFIRMED.**