**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL R. FLETCHER, | No. 10-56328 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02268-DDP-FFM |
| v. | |
| STATE OF MISSOURI; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted March 6, 2012[**]

Before:    B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Michael R. Fletcher, an attorney, appeals pro se from the district court's

judgment dismissing his action alleging various federal and state causes of action

in connection with his suspension from the practice of law in the state of Missouri

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Fletcher's request for oral argument is denied.

and in the federal district court for the Western District of Missouri. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Zuress v. Donley*, 606 F.3d 1249, 1252 (9th Cir. 2010) (lack of subject matter jurisdiction); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (lack of personal jurisdiction). We affirm.

The district court properly determined that the Federal Tort Claims Act ("FTCA") governs Fletcher's tort claims against the federal defendants, substituted the United States as defendant, and dismissed these claims because Fletcher failed to file an administrative claim before filing suit. *See Osborn v. Haley*, 549 U.S. 225, 229-30 (2007) (where federal employee is sued for wrongful or negligent conduct and U.S. Attorney General certifies that employee was acting within scope of employment, United States is substituted as defendant, and litigation becomes governed by FTCA); *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (requirement that party file administrative claim before filing action under FTCA is jurisdictional). Contrary to Fletcher's contentions, the district court did not abuse its discretion in declining to hold an evidentiary hearing because "the certification, the pleadings, the affidavits, and . . . supporting documentary evidence d[id] not reveal an issue of material fact." *Kashin v. Kent*, 457 F.3d 1033, 1043 (9th Cir.

10-56328

2006) (citation and internal quotation marks omitted) (reviewing for an abuse of discretion).

The district court properly dismissed Fletcher's constitutional claims against the federal judge defendants for lack of personal jurisdiction because Fletcher failed to establish that either general or specific personal jurisdiction existed over them. *See Schwarzenegger*, 374 F.3d at 800-03 (discussing requirements for a district court sitting in California to exercise personal jurisdiction over a nonresident defendant). Contrary to Fletcher's contentions, the federal defendants did not waive their personal jurisdiction defense. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106-07 (9th Cir. 2000) (discussing circumstances in which personal jurisdiction defense is waived).

The district court properly dismissed Fletcher's breach of contract claim against the federal defendants for lack of jurisdiction in light of the damages sought in the operative complaint. *See Hewitt v. Grabicki*, 794 F.2d 1373, 1382 (9th Cir. 1986) ("The Tucker Act . . . grants exclusive jurisdiction of contract claims against the government for over $10,000 to the Claims Court.").

The district court properly dismissed Fletcher's claims against the Missouri state defendants because Fletcher impermissibly sought to overturn the Missouri Supreme Court's disciplinary actions against him. *See D.C. Court of Appeals v.*

*Feldman*, 460 U.S. 462, 482 n.16 (1983) ("'[O]rders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court.'" (quoting *MacKay v. Nesbett*, 412 F.2d 846, 846 (9th Cir. 1969) (per curiam)) (alteration in original)); *Mothershed v. Justices of the Supreme Court*, 410 F.3d 602, 607 (9th Cir. 2005) (district court lacked subject matter jurisdiction to review plaintiff's Oklahoma state bar disciplinary proceedings).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Fletcher's remaining contentions are unpersuasive.

**AFFIRMED.**