NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PIERRE AKKELIAN, | No. 19-55536 |
| Plaintiff-Appellee, | D.C. No. 2:17-cv-01446-PSG-E |
| v. | |
| GAGIK GEVORKYAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

Argued and Submitted December 8, 2020
Pasadena, California

Before: GRABER and COLLINS, Circuit Judges, and BOULWARE,** District
Judge.

Gagik Gevorkyan appeals the district court's various orders concerning the

entry of default, and ultimately default judgment, against him. We have

jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United*

*States v. Signed Personal Check No. 730 of Yubran S. Mesle* ("*Mesle*"), 615 F.3d

1085, 1091 (9th Cir. 2010); *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The Honorable Richard F. Boulware II, United States District Judge for the
District of Nevada, sitting by designation.

(9th Cir. 1985), we affirm.

Even if the other relevant factors—the merits of the defendant's defenses and the prejudice to the plaintiff—would favor setting aside a default judgment, we have held that "'the trial court's denial of a motion to vacate a default judgment will be affirmed if the defendant's own culpable conduct prompted the default.'" *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1109 (9th Cir. 2000) (quoting *In re Hammer*, 940 F.2d 524, 526 (9th Cir. 1991)). "'[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer.'" *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original) (citation omitted), *overruled on other grounds by Egelhoff v. Egelhoff ex. rel. Breiner*, 532 U.S. 141 (2001). The district court assumed that, as applied to this case, Gevorkyan's conduct would be "intentional" only if "'there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond.'" *Mesle*, 615 F.3d at 1092 (citation omitted). The court found that this standard was satisfied here, expressly holding that Gevorkyan's default "was the product of deliberate and willful conduct designed to impede the orderly progress of this action." We find no basis to set aside this conclusion.

As the district court noted, Gevorkyan and his co-defendant "refused to cooperate with and pay their attorneys, which resulted in the attorneys withdrawing

2

from the representation." Gevorkyan failed to respond to discovery requests, show up for his deposition, appear for a mediation session, or appear for a final pre-trial conference that had been scheduled more than six months earlier. Gevorkyan claimed that he did not attend the final pretrial conference because he was in Russia from mid-September 2018 until early December 2018; he did not receive the letters mailed by Plaintiff's counsel until after he returned; and he did not have access to the email address that Plaintiff's counsel also used to send him communications because he had switched to a new smartphone in early 2018. Even if we were to assume that the district court erred in declining to credit Gevorkyan's claim that his switch of cellphones somehow deprived him of access to his former email account, the court did not abuse its discretion in finding Gevorkyan's explanation to be inadequate in light of (1) the fact that the initial pretrial conference date was set in February 2018, when he still had counsel; and (2) even before departing for Russia in September, Gevorkyan had already refused to cooperate with his attorneys and had failed to respond to discovery.

On appeal, Gevorkyan insists that the district court should have given more weight to his alleged inability to understand English and consequent reliance on his codefendant to communicate with counsel. This argument is difficult to square with the fact that Gevorkyan provided two lengthy English-language declarations under penalty of perjury, and there is no indication in the record that, in signing

3

them, he had relied on a translation. The district court's finding of culpability was not an abuse of discretion, and we therefore affirm the default judgment against Gevorkyan.

**AFFIRMED.**