**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEDERAL TRADE COMMISSION,

Plaintiff-Appellee,

v.

HOYAL & ASSOCIATES, INC., an
Oregon corporation; et al.,

Defendants-Appellants.

No.    19-35668

D.C. No. 1:16-cv-00720-CL

MEMORANDUM*

FEDERAL TRADE COMMISSION,

Plaintiff-Appellee,

v.

HOYAL & ASSOCIATES, INC., an
Oregon corporation; JEFFREY HOYAL,
individually and as an officer of Hoyal &
Associates, Inc.,

Defendants-cross-
defendants-Appellees,

v.

No.    19-35669

D.C. No. 1:16-cv-00720-CL

---

&ast; This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

DAVID P. LENNON; LENNON &
KLEIN, P.C., a foreign business
corporation,

        Third-party-defendants-
        Appellees,

REALITY KATS, LLC, an Oregon limited
liability company; DENNIS SIMPSON,

        Defendants-third-party-
        plaintiffs-cross-claimants-
        Appellants.

Appeal from the United States District Court
for the District of Oregon
Mark D. Clarke, Magistrate Judge, Presiding

Submitted June 9, 2021[**]
Portland, Oregon

Before: GRABER and IKUTA, Circuit Judges, and BENITEZ,[***] District Judge.

Dennis Simpson, Jeffery Hoyal, Lori Hoyal, and corporate defendants,

Reality Kats, LLC, and Hoyal & Associates, Inc. (H&A), appeal from the district

court's judgment holding that they are subject to a permanent injunction and

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

monetary judgment.  We have jurisdiction under 28 U.S.C. §§ 636(c)(3) and 1291.

We affirm in part and vacate in part.

Section 5 of the Federal Trade Commission Act (FTCA) makes it unlawful for any person or entity to engage in "unfair or deceptive acts or practices in or affecting commerce."  15 U.S.C. § 45(a).  When a corporate entity violates this section by making a deceptive representation, an individual may be found personally liable for such a corporate violation if he or she "participated directly" in the unlawful acts or practices, or "had the authority to control" the unlawful acts or practices at issue, and "had actual knowledge of the misrepresentations involved, was recklessly indifferent to the truth or falsity of the misrepresentations, or was aware of a high probability of fraud and intentionally avoided learning the truth."  *FTC v. Com. Planet, Inc.*, 815 F.3d 593, 600 (9th Cir. 2016), *overruled on other grounds by AMG Cap. Mgmt., LLC v. FTC*, 141 S. Ct. 1341 (2021).  Under § 13(b) of the FTCA, 15 U.S.C. § 53(b), the Federal Trade Commission (FTC),"in proper cases," may seek a permanent injunction to remedy a violation of § 45. This statutory authorization does not, however, allow the FTC to seek, and the court to award, equitable monetary relief.  *AMG Cap. Mgmt., LLC*, 141 S. Ct. at 1344.

In light of *AMG Capital Management*, we vacate the district court's monetary judgment. *See id.* Therefore, we need not consider the parties' arguments relating to the monetary judgment, including Simpson and Reality Kats' laches and estoppel theories.

The district court did not err in holding Simpson, Jeffrey Hoyal, and Lori Hoyal personally liable for the corporate defendants' violations of § 45.[1]

First, the district court did not err in concluding that the corporate defendants, including Reality Kats and H&A, operated as a common enterprise and were therefore liable for each other's unlawful acts.

Second, the district court did not err in holding that the mailers sent by the common enterprise were deceptive as a matter of law because the representations in the mailers created a "net impression" that was likely to mislead consumers acting reasonably. *FTC v. Gill*, 265 F.3d 944, 950, 956 (9th Cir. 2001). The appellants do not dispute the district court's finding that the mailers created the "net impression" that any current subscription would be renewed automatically and

---

[1]Dennis Simpson failed to challenge personal jurisdiction before the district court, so he cannot raise such a challenge here. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir. 2000), *as amended on denial of reh'g* (Nov. 1, 2000) (holding that personal jurisdiction challenges "must be raised at the first available opportunity or, if they are not, they are forever waived").

that the consumer was being offered the lowest price. *FTC v. Stefanchik*, 559 F.3d 924, 928 (9th Cir. 2009). Nor do they dispute on appeal that these representations were material. Contrary to the appellants' argument, the mailers' misleading "net impression" was not cured by the disclaimer on the reverse side of the mailers. *See id.* Further, the 2004 settlement agreement between some of the appellants and the state of Oregon does not undermine the district court's determination that the representations on the mailers are deceptive under federal law. U.S. Const. art. VI.

Third, the factual findings by the district court, which are not clearly erroneous, support the conclusion that Simpson, Jeffrey Hoyal, and Lori Hoyal are personally liable for the corporate defendants' violations of § 45. The district court did not clearly err in finding that Simpson participated directly in the deceptive mailing operation because, through Reality Kats, he "managed subscription product marketing, modeling, database management, [and] analysis for the deceptive mailing operation." The district court did not clearly err in concluding that Simpson had actual knowledge of or was recklessly indifferent to the deceptive practices, *Com. Planet, Inc.*, 815 F.3d at 600, as he signed the 2015 settlement, received some of the cease-and-desist letters, and was aware that the operation received complaints or inquiries from state attorneys general. Nor did the district court clearly err in finding that Lori Hoyal participated in the deceptive

5

mailing operation, or had the authority to control it, given that she was a 50% owner of H&A, held H&A's corporate officer roles, and managed consumer money from the deceptive mailing operation through H&A. The 2004 settlement agreement with Oregon expressly prohibited the Hoyals from relying on the agreement as evidence of approval of their deceptive operations, and therefore does not negate the district court's finding that the Hoyals had actual knowledge of or were recklessly indifferent to the deceptive practices. *Id.*

Further, the district court did not err in holding that there was a reasonable likelihood of recurrence of the operation's deceptive practices even though some of the corporate entities in the operation had ceased to exist before this lawsuit.[2] Simpson's reliance on an out-of-circuit case, *FTC v. Shire ViroPharma, Inc.*, 917 F.3d 147 (3d Cir. 2019), is misplaced because the defendant in that case had stopped its challenged practice five years previously, and there was no evidence that it would carry out similar unfair practices in the future, *id*. at 160. Here, by contrast, given the defendants' record showing a "willingness to flout the law" in a

---

[2]The 2015 settlement by some defendants with Oregon did not extinguish the mailing operation. After the 2015 settlement, the assets of the operation were transferred to the Hoyals' nephew "to effectively run and maintain a subscription agency business." And since 2015, Simpson continued to be involved in mailers, providing one of his former business partners with the same kind of services as he did for the deceptive mailing operation.

substantially similar manner over a decade, the district court did not err in concluding that Lori Hoyal, Jeffrey Hoyal, Simpson, and the corporate defendants, including Reality Kats, would likely commit future violations involving deceptive mailer operations.[3]  *Sears, Roebuck & Co. v. FTC*, 676 F.2d 385, 392 (9th Cir. 1982).  Therefore, the district court did not err in ordering the injunction against appellants.  *Evans Prods.*, 775 F.2d at 1086.[4]

For the same reasons, the district court did not err in concluding that this is a "proper case" for the issuance of a permanent injunction under 15 U.S.C. § 53(b). *Evans Prods.*, 775 F.2d at 1086; *FTC. v. H. N. Singer, Inc.*, 668 F.2d 1107, 1110 (9th Cir. 1982), *overruled on other grounds by AMG Cap. Mgmt., LLC*, 141 S. Ct. at 1341.  We have long held that the FTC can obtain injunctive relief without initiating administrative proceedings.  *H.N. Singer*, 668 F.2d at 1110.  As indicated

---

[3]For this reason, Simpson's and Reality Kats' argument that the case was brought under the impermissible theory that the defendants "could" violate the law, rather than the "likely to recur" theory fails.  *FTC v. Evans Prods. Co.*, 775 F.2d 1084, 1087 (9th Cir. 1985).  So does their challenge that they were not allowed "an opportunity to explore discovery on this [theory]."

[4]Reality Kats and Dennis Simpson also raise issues regarding, among other things, the order dismissing their third-party complaint and their cross-claim, and the district court's evidentiary rulings, but fail to support them with arguments.  Those issues "are deemed abandoned."  *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 703 n.1 (9th Cir. 2010).

7

above, there is ample evidence supporting the district court's conclusion that violations are "likely to recur." *Evans Prods*., 775 F.2d at 1087, 1089.

Finally, the injunction is neither impermissibly vague nor overbroad. The scope of the injunction is not confusing, and it bears a reasonable relation to the FTC's goal of preventing similar future violations. *FTC v. Colgate-Palmolive Co*., 380 U.S. 374, 394–95 (1965); *Portland Feminist Women's Health Ctr. v. Advocs. for Life, Inc*., 859 F.2d 681, 684–85 (9th Cir. 1988).

**AFFIRMED IN PART and VACATED IN PART.**[5]

---

[5]The parties will bear their own costs on appeal.