NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAURA LYNN HAMMETT, | Nos. 24-3621, 24-5961 |
| Plaintiff - Appellant, | |
| v. | D.C. No. 3:19-cv-00605-LL-AHG |
| ELLIS ROY STERN, Esq., an individual; ALAN N. GOLDBERG, Esq., an individual; STERN & GOLDBERG, a California Partnership, | MEMORANDUM[*] |
| Defendants - Appellees, | |
| and | |
| MARY E. SHERMAN, et. al., | |
| Defendants. | |

Appeal from the United States District Court
for the Southern District of California
Linda Lopez, District Judge, Presiding

Submitted May 19, 2026[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: RAWLINSON, H.A. THOMAS, and MENDOZA, Circuit Judges.

Laura Lynn Hammett (Hammett) appeals the district court's order granting the renewed motion for attorneys' fees filed by Ellis Roy Stern, Alan N. Goldberg, and their law firm, Stern & Goldberg under California's anti-strategic lawsuit against public participation (SLAPP) law. Hammett also appeals the district court's order denying her motion for a stay pending appeal. We review a district court's decision to grant an anti-SLAPP motion de novo and its award of attorneys' fees for abuse of discretion. *See Manufactured Home Communities, Inc. v. Cnty. of San Diego*, 655 F.3d 1171, 1176 (9th Cir. 2011). We also review for abuse of discretion the decision to deny a stay. *See Duke v. Gastelo*, 64 F.4th 1088, 1093 (9th Cir. 2023). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

**1.** The district court did not abuse its discretion by granting the renewed motion for attorneys' fees. Under California's anti-SLAPP provision, "a prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1); *see also Ketchum v. Moses*, 17 P.3d 735, 741 (Cal. 2001). We upheld the district court's initial fee award in a separately filed memorandum disposition. *See Hammett v. Sherman*, No. 22-56003, 2026 WL 1365271, at *2 (9th Cir. May 15, 2026).

A prevailing party is entitled to "compensation for all hours reasonably

spent, including those necessary to establish and defend the fee claim." *Serrano v. Unruh*, 652 P.2d 985, 997 (Cal. 1982) (in bank); *see also Ketchum*, 17 P.3d at 742 (applying *Serrano* to anti-SLAPP motions). Here, the district court applied the lodestar method, and determined that the additional hours spent defeating Hammett's interlocutory appeal and motions challenging the initial fee award were reasonable.

Hammett does not challenge the calculation of the amount of fees. Rather, Hammett maintains that no fees should have been awarded, and that the award is unconstitutionally oppressive under *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109 (9th Cir. 2022).[1] *Wakefield* held that an award of nearly one billion dollars in aggregate statutory damages for sending robocalls was possibly "wholly disproportioned" and "obviously unreasonable" in relation to the statute's "compensatory or deterrence goals." *See id.* at 1120, 1122-23. Unlike in *Wakefield*, here the district court ensured through its lodestar analysis that the fee award was reasonable. Accordingly, the district court did not abuse its discretion. *See Manufactured Home Communities*, 655 F.3d at 1181.

**2.** The district court did not abuse its discretion by denying Hammett's

---

[1] Hammett raised her *Wakefield* argument before the district court in her opposition to the renewed motion for attorneys' fees. The district court rejected this argument in its fee order, finding *Wakefield* inapposite because it did not involve attorneys' fees or anti-SLAPP assertions.

24-3621

motion to stay. "A district court abuses its discretion in granting or denying a stay if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Duke*, 64 F.4th at 1093 (citation, alteration, and internal quotation marks omitted). The district court applied the four-factor standard described in *Nken v. Holder*, 556 U.S. 418, 425-26 (2009), and determined that Hammett was unlikely to succeed on the merits because she raised the same arguments the district court had already rejected in deciding the fee award, and a decrease in Hammett's credit score did not establish irreparable harm. *See Al Otro Lado v. Wolf*, 952 F.3d 999, 1006-07, 1014 (9th Cir. 2020) (citing *Nken* and explaining that failure to satisfy the irreparable harm and likelihood of success factors supports denial of a stay).

Neither did the district court abuse its discretion by setting a bond amount at 1.25 times the total attorneys' fee amount because that bond amount is consistent with amounts set by other courts in this circuit, and was calculated to cover the judgment in addition to interest or other costs. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1109 (9th Cir. 2000), *as amended*; *see also Trautt v. Keystone RV Co.*, No. 2:19-CV-00342-RAJ, 2021 WL 4860810, at *2 (W.D. Wash. Oct. 19, 2021) (collecting cases).

**AFFIRMED.**