Herbert BINGHAM and Betty Bingham *v.*
CITY of JONESBORO

CA 04-172 201 S.W.3d 1

Court of Appeals of Arkansas
Opinion delivered January 5, 2005

*Noyl Houston*, for appellants.

*Phillip Crego* and *Carol M. Duncan*, for appellee.

OLLY NEAL, Judge. Appellants Herbert and Betty Bing-
ham, after obtaining a judgment against appellee City of
Jonesboro, served a writ of garnishment on the Bank of Jonesboro in

an attempt to collect on the judgment. The Craighead County Circuit Court quashed the writ, and this appeal followed.[1] We reverse and remand.

·The City of Jonesboro filed suit to condemn part of the Binghams' property for an easement and deposited $21,424 into the court registry as just compensation for the taking. The trial court allowed the Binghams to withdraw that money for their own use, but the Binghams thereafter filed a counterclaim against the City, asserting that the amount deposited was inadequate. The Binghams' claim was tried to a jury, and the jury rendered the following verdict: "We, the jury, find in favor of Herbert S. Bingham and Betty P. Bingham and assess their compensation at $42,297.00." The verdict was incorporated into a judgment dated April 30, 2003.

On June 6, 2003, the City sent the Binghams a check for $23,398.52, which represented the difference between the judgment amount of $42,297 and the $21,424 that the City had already paid, plus interest. The Binghams refused to accept the check and instead filed a writ of garnishment against the City's bank, the Bank of Jonesboro, evidencing their intention to collect the full amount of $42,297 in addition to the $21,424 that they had already received. The City moved to quash the writ and deposited $23,398.52 into the court registry as full payment to the Binghams. The Binghams objected, stating that, because the trial jury had been informed of the City's prior payment of $21,424, the jury's award of $42,297 was intended as an addition to that payment. In support of their claim, the Binghams attached the affidavits of ten jurors stating their intent to award appellants "$42,297.00 in new money over and above that which had already been paid by the City of Jonesboro to them."

A hearing was held, during which the trial judge stated that he would not consider the juror affidavits. Following the parties' arguments, the judge quashed the writ of garnishment and, in an order filed on July 22, 2003, declared that the City owed the Binghams $23,398.52. The Binghams now appeal from that order and from a subsequent order denying their motion to reconsider. They argue that the trial court erred in quashing the writ of

---

[1] An order vacating a garnishment is an appealable order. Ark. R. App. P.—Civil 2(a)(5) (2004).

garnishment, thereby effectively reducing their judgment, and that the trial court erred in disregarding the juror affidavits.

 We first address the Binghams' argument with regard to the juror affidavits. The basis for the trial court's refusal to consider the affidavits was Ark. R. Evid. 606(b) (2004), which reads:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received, but a juror may testify on the questions whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought upon any juror.

This rule embodies the public interest in preserving the confidentiality of jury deliberations and ensures that jury deliberations remain secret, unless it becomes clear that the jury's verdict was tainted by a showing of extraneous prejudicial information or some improper outside influence. *Waste Mgmt. of Ark., Inc. v. Roll Off Serv., Inc.*, 88 Ark. App. 343, 199 S.W.3d 91 (2004). Our courts have been very strict in interpreting Rule 606(b) to allow inquiry into a juror's thought processes only where the juror's testimony concerns extraneous information or outside influence. *Id.*; *see also Machost v. Simkins*, 86 Ark. App. 47, 158 S.W.3d 726 (2004).

In *Machost v. Simkins, supra,* we held that a court should not consider an affidavit wherein a juror attempts to relate the reasons behind the jury's damage award. There, the plaintiff, Machost, submitted a juror affidavit to the court explaining why the jury had mistakenly awarded her only $2,000 when the evidence clearly showed that she had incurred $10,000 in reasonable and necessary medical expenses. We held that, "[b]ecause Machost has not alleged that some outside influence affected the jury's deliberations, this court cannot consider the affidavit or its allegations that the jury was confused when it awarded Machost only $2,000." 86 Ark. App. at 54, 158 S.W.3d at 730; *see also Bailey v. Stewart*, 236 Ark. 80, 83, 364 S.W.2d 662, 664 (1963) (holding, in a case that pre-dates the Arkansas Rules of Evidence, that the use of a juror

affidavit to explain the jury's intention regarding its damage award was "incompetent, for reasons of public policy").

■ The juror affidavits in this case do not assert that the jury's deliberations were affected by extraneous information or outside influence. Rather, the purpose of the affidavits was to explain the amount of damages that the jury intended to award. In light of our holding in *Machost*, we agree with the trial court that the affidavits should be disregarded, and in discussing the balance of this case, we will not consider them.

The Binghams' remaining argument is that the trial court erred in quashing the writ of garnishment because, according to the plain language of the judgment, they are entitled to collect $42,297 from the City, and not $42,297 less $21,424. They cite *Tweedy v. Counts*, 73 Ark. App. 163, 40 S.W.3d 328 (2001), for its holding that a judgment should be construed as written and that the language of the judgment, as opposed to the reasons for the judgment, is controlling. The City, on the other hand, argues that the judgment was "perfectly clear" in awarding appellants $42,297 as total compensation for the taking and that any attempt by appellants to explain otherwise should be disregarded.

■ Neither party cites authority that is directly on point, and our research of the law of Arkansas and other jurisdictions has revealed none. However, the situation *sub judice* is analogous to those tort cases in which a plaintiff who has sued multiple defendants settles before trial with one of the defendants. Our supreme court has held that, where the jury is informed of the amount of the pretrial settlement and subsequently awards damages against the remaining defendants in a general verdict, it is presumed that the damages assessed by the jury are in addition to the amount already paid by the settling tortfeasor. For example, in *Giem v. Williams*, 215 Ark. 705, 222 S.W.2d 800 (1949), Williams sued two defendants, Giem and Tune, and Tune settled before trial for $4,000. During trial, the jury was told of the settlement, and after trial, they returned an $8,950 verdict against Giem. Giem asked that the verdict be reduced by the settlement amount. The trial court refused, and the supreme court affirmed stating that, because proof of the settlement was entered into evidence, Giem was "not entitled to have the court — after the verdict — make the allowance again." *Id.* at 712, 222 S.W.2d at 805.

By contrast, in *Woodard v. Holliday*, 235 Ark. 744, 361 S.W.2d 744 (1962), the jury was not informed of the amount paid

prior to trial by a settling tortfeasor. When the jury returned its verdict, the trial court credited the verdict with the settlement amount, reasoning that, because the jury had no knowledge of the settlement, it assessed the total amount of damages due the plaintiff. The supreme court upheld the trial court's action and took pains to distinguish *Giem* on the ground that, in that case, the jury had been informed of the settlement, so a credit was not proper. *See also Arkansas Kraft Corp. v. Johnson*, 257 Ark. 629, 519 S.W.2d 74 (1975); *Walton v. Tull*, 234 Ark. 882, 356 S.W.2d 20 (1962).

In the case at bar, the jury was told in several instances that the Binghams had already received $21,424 from the City. The parties stipulated that the City had paid that amount into the court registry and that the Binghams were permitted to obtain that money "without impairing their right to seek additional compensation." Further, Herbert Bingham testified that the total decrease in the value of his property due to the taking was $91,938, that he had already received $21,424, and that the City should pay him as fair and just compensation $70,514, *i.e.*, the difference between the amount he felt he was due and the amount he had already received. Moreover, in closing arguments, the Binghams' counsel asked the jury to award the "balance" over and above the $21,424 already paid by the City. In light of the information that was imparted to the jury, it is logical to presume, as in the *Giem* case, that the jury took the prior payment into account in making its award.

The City argues that the jury was not necessarily asked to make an award in addition to the $21,424 because, in its opening statement, it asked the jury to award "$28,119 total" and because, in their counterclaim, the Binghams sought judgment "less any amounts paid by [the City]." However, the City's argument does not negate the fact that the jury was informed of the prior payment and was asked by the Binghams at trial to award an additional amount.

Finally, the City argues that the Binghams cannot probe into the basis for a jury's decision after the jury has been discharged. While it is generally true that a jury's verdict cannot be amended once the jury has been discharged, *see, e.g., Spears v. Mills*, 347 Ark. 932, 69 S.W.3d 407 (2002), we disagree that the Binghams' attempt to collect on the $42,297 judgment is an attempt to amend the jury's verdict. The jury was informed of the City's prior payment and rendered a verdict for $42,297. The

Binghams seek to collect no more than the judgment provides on its face, without restriction or modification.

In light of the foregoing, we conclude that the trial court erred in quashing the writ of garnishment and effectively reducing the Binghams' judgment. We therefore reverse and remand with directions to proceed in a manner consistent with this opinion, allowing the Binghams to collect the $42,297 awarded by the jury in addition to the $21,424 that they have already received.

Reversed and remanded.

BIRD and GRIFFEN, JJ., agree.