COURTNEY HUDSON GOODSON, Associate Justice
Appellants KW-DW Properties, LLC; Debra A. Lang, in her official capacity as White County Tax Assessor; Sue Liles, in her official capacity as White County Tax Collector; certain lands being 2.363 acres, more or less, in White County, Arkansas; and any and all persons or entities claiming an interest therein (collectively KW-DW),[1] appeal the White County Circuit Court's entry of a $ 650 deficiency judgment against the Arkansas State Highway Commission (the Commission) after a jury determined that the Commission owed KW-DW $ 36,000 for just compensation in an eminent domain action. We granted the Commission's motion to transfer the case from the court of appeals and now affirm.
I. Factual and Procedural Background
On June 21, 2016, the Commission filed a declaration taking approximately 2.363 acres of KW-DW's property. The Commission sought the land in connection with what is commonly known as the Highway 36-Highway 16 project in White County. After the Commission took the acreage needed for the highway, KW-DW's property was divided into two "remainders." The left remainder, located to the west of the *8 future highway, consisted of approximately 5.91 acres after the taking. The right remainder totaled approximately 57.4 acres after the taking. The right remainder included a narrow, approximately two-acre peninsula running south along the highway right of way.
The Commission deposited $ 35,350 with the circuit court as the estimated just compensation for the taking. The matter proceeded to an August 30, 2017 jury trial for final determination of the compensation due. Four witnesses testified at trial. KW-DW's first witness, Adam Whitlow, testified that he is a registered professional land surveyor. Whitlow did not offer an opinion on the value of the property but testified that he was only asked to draw a boundary. Keith Webb, one of the members of KW-DW, testified that before the taking, the value of the entire tract KW-DW owned was $ 1,608,670 at $ 24,500 per acre. Webb's opinion was based in part on two recent sales of neighboring property at sales prices of $ 24,500 per acre and $ 25,000 per acre. In Webb's opinion, the value of the property after the taking was $ 1,393,500. Webb testified that he was entitled to the difference of about $ 215,000, which included the value of the property actually taken, as well as damages to the remaining land. KW-DW's expert, Diana L. Thompson, a certified general real estate appraiser, testified that the KW-DW property as a whole had a before-taking value of $ 18,000 per acre, for a total value of $ 1,181,880. Thompson acknowledged that the report of the Commission's appraiser concluded that the KW-DW property was worth $ 15,000 per acre. Thompson further testified that, after the taking, the KW-DW property was worth $ 1,023,795, for a just-compensation calculation of $ 158,085. Thompson's estimate included damages of a 75 percent reduction to the value of the left remainder and a 100 percent reduction to the value of the two-acre portion of the right remainder. David Hall, a surveyor and licensed professional engineer employed by the Commission, testified concerning the possibility of using the remaining property for residential development. Hall determined that the left remainder was suitable for ten residential lots and that the two-acre portion of the right remainder to which Thompson assigned zero value was suitable for three residential lots. Hall did not testify as to a per-acre value.
The jury determined the final, just compensation due to be $ 36,000. The Commission prepared a judgment for the court reflecting an award of $ 650 to be paid to KW-DW, which represented the difference in the jury's final award and the estimated amount deposited by the Commission. KW-DW did not agree to the proposed judgment, instead arguing that it was entitled to the full $ 36,000 in addition to the amount previously deposited. On September 14, 2017, after giving the Commission credit for the $ 35,350 already deposited with the court, the circuit court entered judgment against the Commission for the deficiency of $ 650. On September 22, 2017, KW-DW filed a motion to modify or vacate the judgment pursuant to Rule 60 of the Arkansas Rules of Civil Procedure. That motion was deemed denied after thirty days when the circuit court took no action. KW-DW filed a motion for a new trial on September 28, 2017. The circuit court denied that motion on October 3, 2017. KW-DW filed a timely notice of appeal.
II. Analysis
A. The Judgment
1. The verdict
KW-DW first argues that the circuit court erred by entering judgment for the $ 650 deficiency rather than for the full *9 $ 36,000 reflected in the jury verdict. KW-DW argues that the circuit court was not authorized to enter judgment against the Commission pursuant to Arkansas Code Annotated § 27-67-317(b) (Supp. 2017). That section provides that
[i]f the compensation finally awarded exceeds the amount of money deposited by twenty percent (20%) or more, the court shall enter judgment against the State of Arkansas and in favor of the party entitled thereto for the amount of the deficiency and shall award the party entitled to judgment its costs, expenses, and reasonable attorney's fees incurred in preparing and conducting the final hearing and adjudication, including without limitation the cost of appraisals and fees for experts.
We agree that § 27-67-317(b) does not apply to the jury's verdict because the amount of compensation finally awarded did not exceed the deposit by twenty percent or more. However, the judgment did not cite § 27-67-317(b), and judgment was properly entered pursuant to Arkansas Code Annotated § 27-67-316, which provides in relevant part:
(a) It shall be the duty of the circuit court to impanel a jury of twelve (12) persons, as in other civil cases, to ascertain the amount of compensation the Arkansas Department of Transportation shall pay.
(b) The matter shall proceed and be determined as in other civil cases.
....
(d) Compensation shall be ascertained and awarded in the proceeding and established by judgment therein.
(e)(1) Judgment shall include, as a part of the just compensation awarded, interest at the rate of six percent (6%) per annum on the amount finally awarded as the value of the property, from the date of the surrender of possession to the date of payment, but interest shall not be allowed on so much thereof as may have been paid into court.
Although KW-DW argues that this case involves a matter of statutory construction, we disagree. The circuit court was empowered to enter judgment in favor of KW-DW pursuant to § 27-67-316. The question here is not one of statutory construction, but rather how to construe the jury's verdict, i.e., whether it was intended to be the total compensation, or intended to be $ 36,000 in addition to the amount the Commission had already deposited as the estimated just compensation.
Absent evidence to the contrary, the jury is presumed to obey the court's instructions. Pearson v. Henrickson , 336 Ark. 12, 983 S.W.2d 419 (1999). In this instance, the jury instructions included the following:
6. In arriving at the amount of just compensation to which KW-DW Properties, LLC is entitled, you first determine the fair market value of the whole property immediately before taking, and then you determine the fair market of the remaining property immediately after the taking. The compensation KW-DW Properties, LLC is entitled to recover is the difference, if any, between the fair market value of the whole property immediately before the taking and the fair market value of the remaining property immediately after the taking. In determining the fair market value of the remaining property immediately after the taking, you should consider the remaining property as if the Arkansas State Highway Commission's project is completed and permanently in place according to the construction plans now on file.
10. The difference in the fair market value of the land is the value of the land *10 immediately before and immediately after the occurrence.
11. In determining just compensation, you may consider "severance damages" or "damages to the remainder", if any. The landowner is entitled to just compensation, not only for the full market value of the interest actually taken, but also an amount equal to any reduction of the fair market value of the landowner's interest in the land that was not taken, due to the severance or separation of the interest which was taken. Such additional compensation is commonly known as "severance damages" or "damages to the remainder."
After hearing all the instructions, the jury returned a verdict stating, "We, the jury, find and fix just compensation to be awarded to KW-DW Properties, LLC at $ 36,000." Although KW-DW argues that the verdict should be in addition to the amount deposited as an estimate, we must assume that the jury followed the circuit court's instructions. The instructions clearly stated the amount awarded should be for damages to the "whole" property after the taking and specifically instructed the jury that it could consider damages to the remaining property. KW-DW did not object to the jury instructions or request any special interrogatories. We have said that this court will not speculate on what the jury found where a general jury verdict is used. Tyson Foods, Inc. v. Davis , 347 Ark. 566, 66 S.W.3d 568 (2002). Additionally, when special interrogatories concerning liability or damages are not requested, this court is left in the position of not knowing the basis for the jury's verdict, and this court will not question or theorize about the jury's findings. Id.
KW-DW relies on Bingham v. City of Jonesboro , 89 Ark. App. 120, 201 S.W.3d 1 (2005), for its argument that the verdict amount must be construed to be in addition to the estimated deposit, but that reliance is misplaced. In Bingham , the city deposited an estimated just-compensation amount, the jury returned a verdict for a higher amount, the trial court entered judgment for the amount of the deficiency, the landowners were unsuccessful in posttrial litigation, and an appeal followed. However, in Bingham , while the jury was aware of the estimated deposit, as was the jury in this case, the parties stipulated that the Binghams were permitted to obtain the money deposited "without impairing their right to seek additional compensation." Herbert Bingham testified that he had already received the $ 21,424 but that he was still owed $ 70,514 as just compensation. Additionally, the Binghams' attorney in closing arguments asked the jury to award the "balance" over and above the $ 21,424 already paid by the city. The court concluded that the Binghams were entitled to the $ 42,297 in addition to the estimated amount already paid. Here, there was no stipulation, testimony, or argument such as that in Bingham . A plain reading of the instructions and the jury's verdict compels the conclusion that the jury's verdict must be interpreted to be the entire compensation.
It is notable that KW-DW did not seek to poll the jurors to clarify the intent of their verdict. To the extent that there was confusion in the meaning of the jury's verdict, the time for clarification was before the jury was discharged. In Spears v. Mills , 347 Ark. 932, 69 S.W.3d 407 (2002), a jury returned a verdict of zero damages in a case involving a warranty of habitability in the initial construction and repair of a house. The jury was then discharged. Minutes later, the jury returned, and the foreperson advised the court that the jurors believed they had misunderstood the interrogatory pertaining to damages. The court allowed the jury to deliberate further, and *11 the jury later awarded damages in the amount of $ 5,900. In reversing, we stated:
[T]he time to correct a verdict based upon a claim that the jury misunderstood the instructions is prior to the jury's discharge. The jury has full power over its verdict and may amend it or recede from it at any time before the verdict has been received and recorded and before the jury has been discharged. Once the jury has been discharged and has left the presence of the court, it is without power to correct or amend its verdict.
Spears , 347 Ark. at 940, 69 S.W.3d at 413.
As in Spears , the time to correct any misunderstanding in this case was before the jury was discharged, and KW-DW's failure to do so at the appropriate time does not provide grounds to second-guess the jury's verdict now.[2]
2. Motion to modify
KW-DW further argues that the circuit court erred under Rules 58 and 60 of the Arkansas Rules of Civil Procedure when it signed the judgment prepared and presented by the Commission without hearing KW-DW's objections and then denied KW-DW's motion for a new trial. Rule 60 authorizes a court to modify or vacate a judgment to correct errors or mistakes or to prevent the miscarriage of justice. We will not reverse the circuit court's denial of a motion to modify or vacate judgment in the absence of an abuse of discretion. Johnson v. Cincinnati Ins. Co. , 375 Ark. 164, 289 S.W.3d 407 (2008). KW-DW's motion to modify was based on (1) the circuit court's entry of judgment without holding a hearing on KW-DW's objections to the Commission's proposed judgment and (2) its argument that Bingham compelled entry of judgment for the full $ 36,000 rather than the $ 650 deficiency judgment. KW-DW cites a reporter's note to Rule 58 that says if there is a disagreement between the parties as to the form of a judgment or decree, "a court should hold a hearing to consider whatever objections there might be." Ark. R. Civ. P. 58 reporter's notes to Rule 58. However, as KW-DW concedes, Rule 58 provides that a "court may enter its own form or judgment or decree or may enter the form prepared by the prevailing party without the consent of opposing counsel." Additionally, as discussed above, Bingham is distinguishable. Therefore, the circuit court did not abuse its discretion in denying KW-DW's motion to modify.
B. Motion for a New Trial
KW-DW next argues that the circuit court erred in denying its motion for a new trial. The judgment was entered on September 14, 2017, and KW-DW filed its motion for a new trial on September 28, 2017. The circuit court denied the motion as untimely. Rule 59(b) of the Arkansas Rules of Civil Procedure requires new-trial motions to be filed within ten days after the entry of judgment. KW-DW's motion for a new trial was filed more than ten days after the entry of judgment. However, Rule 6(a) of the Arkansas Rules of Civil Procedure provides that when a prescribed time allowed by the rules is less than fourteen days, Saturdays, Sundays, and legal holidays are excluded from the computation. Excluding weekends, the motion was timely.
*12 Although the motion was timely, it nonetheless provides no basis for reversal. As we have often stated, "[W]e will affirm a circuit court where it reaches the right result, even though it may have announced the wrong reason." Hurt-Hoover Invs., LLC v. Fulmer , 2014 Ark. 461, at 11, 448 S.W.3d 696, 703. On appeal, KW-DW argues that a new trial was appropriate because the jury award was inadequate in light of the evidence presented at trial.[3] Rule 59(a)(5) provides for a new trial when there is an error in the assessment or amount of recovery.
Although KW-DW cites Rule 59(a)(5) for its argument that there was error in the assessment of recovery, it also makes an evidentiary sufficiency argument more properly brought in a motion for a new trial pursuant to Rule 59(a)(6), which provides for a new trial if the verdict or decision is clearly contrary to the preponderance of the evidence or is contrary to the law.[4] We generally review a circuit court's decision on a motion under Rule 59 for a manifest abuse of discretion. Ford Motor Co. v. Nuckolls , 320 Ark. 15, 894 S.W.2d 897 (1995). However, when a circuit court denies a motion for a new trial on the ground that the verdict was not clearly contrary to the preponderance of the evidence, the test on appeal is whether there is substantial evidence to support the jury verdict. American Health Care Providers, Inc. v. O'Brien , 318 Ark. 438, 886 S.W.2d 588 (1994). In such instances we must view the evidence in the light most favorable to the party against whom the motion was made and must affirm if there was any substantial evidence to support the verdict. Id. Substantial evidence is that evidence which is of sufficient force and character to compel a conclusion one way or another. Id. It must force the mind to pass beyond suspicion and conjecture. Id.
Although KW-DW argues that the evidence did not support the award, the amount the jury awarded for the taking was within the range of the testimony offered by KW-DW's own expert, who testified that comparable acreage had sold from $ 9,510 per acre to $ 28,754 per acre. KW-DW argued that its remaining land was damaged, but the jury was entitled to accept or discount that. Therefore, substantial evidence supports the verdict, there was no error in the assessment or amount of recovery, and the circuit court did not abuse its discretion in denying KW-DW's motion for a new trial.
Affirmed.

The notices of appeal were filed by KW-DW "et al.," but only KW-DW has filed an appellate brief.

Before the trial, the circuit court entered an August 8, 2016 order granting KW-DW's motion to withdraw the funds deposited as the estimated just compensation and stated therein that the Commission "shall be given credit against any final determination of just compensation for the amount deposited" by the Commission and withdrawn by KW-DW.

KW-DW argues that Rule 59(a)(1)(3) and (6) provide other grounds for a new trial. KW-DW does not develop its argument but states only that "appellant offers the discussion in this section of the Argument simply for the purpose of showing the Court that Appellant's Motion for New Trial contained several factual allegations of grounds for a new trial under Rule 59(a) that were cogent and could have warranted a new trial had the merits of the Motion been considered." KW-DW did not develop any argument as to these points, and we do not address issues which are not appropriately developed. See Gray v. Thomas-Barnes , 2015 Ark. 426, 474 S.W.3d 876 (stating that we will not research or develop an argument for an appellant).

KW-DW makes its sufficiency argument citing Rule 50(e) which provides that the party with the burden of proof may bring a sufficiency challenge without filing a motion for a new trial.