Linda LAWHON *et al.* *v.* AYRES CORPORATION *et al.*

CA 98-406 992 S.W.2d 162

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered June 16, 1999
[Petition for rehearing denied August 25, 1999.]

*Roscopf & Roscopf, P.A.*, by: *Charles B. Roscopf*; and *Thompson & Llewellyn, P.A.*, by: *James M. Llewellyn, Jr.*, for appellants.

*Wright, Lindsey & Jennings*, by: *Patrick J. Goss*, for appellee/cross-appellant Ayres Corporation.

*Butler, Hicky & Long*, by: *Phil Hicky*, for appellee Crowley Ridge Aviation, Inc.

J OHN MAUZY PITTMAN, Judge. This case arose out of the crash of an Ayres Turbo Thrush airplane on April 5, 1994, that resulted in the death of the pilot, James H. Lawhon. The airplane was manufactured by Ayres Corporation for the purpose of aerial application of agricultural materials. On April 3, 1996, Mr. Lawhon's widow filed this action against the manufacturer, Ayres Corporation, and the company that regularly serviced and inspected the aircraft, Crowley's Ridge Aviation, Inc. Appellants' claim against Ayres was based on allegations of negligent design or manufacture, failure to test and warn, strict liability, and breach of warranty. Appellants' claim against Crowley's Ridge was based on allegations of fraud, misrepresentation, negligent service and inspection, and breach of warranty. Appellants' theory of the case hinged on their contention that the airplane's wing structure failed in flight, causing the airplane to strike the ground. Appellees' case turned on their assertion that the crash was caused by pilot error and that the wing did not separate from the aircraft until after the aircraft struck the ground. Prior to trial, appellants presented a motion in limine seeking to exclude evidence that Mr. Lawhon had a reputation of being a skilled but reckless pilot. Ayres likewise filed a motion in limine asking the court to exclude evidence of other accidents involving aircraft manufactured by Ayres, of service publications issued by Ayres describing problems with certain aircraft, of subsequent remedial measures taken by Ayres after Mr. Lawhon's accident, and of any testimony regarding the above-listed items by appellants' expert witnesses. Both motions in limine were denied, and the evidence was admitted at trial. The jury returned a verdict on special interrogatories finding that Mr. Lawhon's death was not the result of any negligence or other breach of duty on the part of appellees, but was instead proximately caused by his own negligence. From that decision, comes this appeal.

On appeal, appellants contend that the trial court erred in allowing testimony concerning Mr. Lawhon's prior conduct and reputation. We reverse and remand on direct appeal.

At trial, Ayres elicited from John Broome, a pilot for an agricultural flying service, testimony that Mr. Lawhon was a skillful pilot with a reputation for being reckless. Later, Crowley's Ridge offered the testimony of Bruce Hayes, a businessman engaged in the field of aircraft repair and the sale of aircraft parts, who stated that Mr. Lawhon was a "cowboy" who was "hard on an airplane."

■ ■ Rule 404 of the Arkansas Rules of Evidence provides that:

(a) *Character Evidence Generally.* Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

(1) *Character of accused.* Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same;

(2) *Character of victim.* Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor;

(3) *Character of witness.* Evidence of the character of a witness, as provided in Rules 607, 608, and 609.

(b) *Other Crimes, Wrongs, or Acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In *Brown v. Conway*, 300 Ark. 567, 781 S.W.2d 12 (1989), the Arkansas Supreme Court held that the trial court erred in admitting evidence showing a character trait in a civil assault case, and explained that Rule 404(a) means that, in civil cases, the general rule is that neither party may offer evidence that the other had a trait of character that made it likely that he acted in conformity therewith on the occasion that gave rise to the lawsuit. *See Powell v. Burnett*, 304 Ark. 698, 805 S.W.2d 50 (1991). It has been noted

that the rule excluding character evidence as circumstantial proof of propensity is enforced virtually without exception in civil cases. W. Dent Gitchell, *Charting a Course Through Character Evidence*, 41 ARK. L. REV. 585 (1988). In the present case, no exception to the rule is applicable, and there was no purpose for the testimony regarding Mr. Lawhon's reputation as a reckless "cowboy" other than to show that he was flying recklessly at the time of the accident that gave rise to this lawsuit; consequently, we hold that the trial court erred in admitting this testimony. Given that the key question at trial was whether the crash was caused by mechanical failure or by pilot error, and that there was competent evidence supporting either conclusion, we think that the error was sufficiently prejudicial to warrant reversal.[1]

We next address Ayres's arguments on cross-appeal. Ayres contends that the trial court erred in admitting evidence of other accidents involving aircraft manufactured by Ayres; in admitting evidence of service publications by Ayres describing problems with Ayres's aircraft and directing work to be done to repair the problems; in admitting evidence of measures taken by Ayres subsequent to Mr. Lawhon's accident to remedy problems with the Ayres Turbo Thrush aircraft; and in allowing appellants' expert witnesses to testify about other accidents involving Ayres aircraft, service publications by Ayres, and subsequent remedial measures involving the Ayres Turbo Thrush.

The evidence in question was introduced in conjunction with the testimony of two expert witnesses, Raymond Ladd and Robert Hochman. Mr. Ladd is an expert in the areas of aircraft

---

[1] Appellees contend that this issue is not preserved for appeal. We disagree. The bench conference and ruling on appellants' motion in limine was somewhat disjointed in that many issues were being discussed simultaneously. Furthermore, reputation evidence was not included in appellants' attorney's initial statement of matters he was objecting to. Nevertheless, the issue of the admissibility of reputation testimony did eventually arise during the somewhat lengthy bench conference. The trial judge ruled that "reputation can be brought in," and appellants' attorney asked that the court note his objection to that ruling. Because a motion in limine that is expressly denied preserves the issue for appeal so that no further objection at trial is required, *Massengale v. State*, 319 Ark. 743, 894 S.W.2d 594 (1995), appellants' argument is properly before us.

maintenance, service inspection, structural repair, and the monitoring of structural repair. His testimony was directed to the question of whether Ayres failed to warn Mr. Lawhon of a known defect in the wing structure of the aircraft. In researching the manner in which Ayres had issued warnings in the past following accidents involving the wing structure of its aircraft, Mr. Ladd reviewed the service bulletins, service letters, and airworthiness directives concerning the aircraft. A list of the service publications was introduced during Mr. Ladd's testimony as plaintiff's exhibit 35. Following his research, Mr. Ladd prepared a summary showing how long it had taken Ayres to issue service bulletins following the accidents. This summary was introduced as plaintiff's exhibit 37. Robert Hochman was qualified as an expert in the field of metallurgy. His testimony concerned the question of whether the crash was caused by a metal fatigue fracture in the wing structure. In arriving at his conclusion, he relied on a report of a similar occurrence in the Netherlands. One page of that report, containing a photograph of the part that failed in the Netherlands accident, was introduced into evidence for the purpose of comparison with the corresponding part on Mr. Lawhon's aircraft.

 Ayres asserts that evidence of other accidents involving Ayres aircraft, and of service publications by Ayres describing problems and remedies, should not have been admitted because there was no evidence that the accidents described therein arose out of the same or substantially similar circumstances to the accident at issue in the present case, and because those items of evidence constitute hearsay. We do not agree. Although our supreme court held, in *Houston General Insurance Co. v. Arkansas Louisiana Gas Co.*, 267 Ark. 544, 592 S.W.2d 445 (1980), that evidence of similar occurrences is admissible only when it is demonstrated that the events arose out of the same or substantially similar circumstances, we think that appellants met their burden of establishing that fact in the case at bar. The evidence was introduced in the context of Mr. Ladd's testimony regarding warnings previously issued by Ayres; the accidents in question all involved Ayres aircraft and were followed by warnings and recommendations regarding corrective measures. Because appellants alleged

that Ayres had failed to issue a proper warning following the incident in the Netherlands that did involve a structural failure substantially similar to that which was alleged to have occurred in the present case, we think that the "circumstances" at issue with regard to the remaining incidents are not so much the causes of the accidents per se, but instead the circumstances surrounding the subsequent issuance of warnings by Ayres. *See Ford Motor Company v. Massey*, 313 Ark. 345, 855 S.W.2d 897 (1993).

With regard to Ayres's hearsay argument, we note that the disputed items of evidence were relied upon by the experts in formulating their opinions and that the experts testified at trial regarding the content of those items of evidence. The experts could properly do so because an expert may base his opinion on facts reasonably relied upon by experts in the particular field even though the facts relied on are hearsay. . Although it is true that Rule 703 is not intended to give an expert witness license to merely repeat hearsay for the sake of bringing such information before the fact-finder, *Sims v. Safeway Trails, Inc.*, 297 Ark. 588, 764 S.W.2d 427 (1989), under this rule an expert must be allowed to disclose to the trier of fact the factual basis for his opinion because the opinion would otherwise be left unsupported, and the trier of fact would be left with little if any means of evaluating its correctness. *Carter v. St. Vincent Infirmary, supra.* Therefore, even assuming *arguendo* that the summaries and service publications were hearsay, these items of evidence were cumulative to the testimony of the expert witnesses who described them in explaining how they arrived at their opinions. No prejudice results where the evidence erroneously admitted was merely cumulative, *Thompson v. Perkins*, 322 Ark. 720, 911 S.W.2d 582 (1995), and we do not reverse for harmless error in the admission of evidence. *Cumberland Financial Group, Ltd. v. Brown Chemical Co.*, 34 Ark. App. 269, 810 S.W.2d 49 (1991).

However, a different result is required with regard to evidence of one particular service bulletin, SB–AG–39, that was issued by Ayres in response to Mr. Lawhon's crash. This bulletin was referenced in plaintiff's exhibits 35 and 37. The former

exhibit described the bulletin as requiring a wing spar inspection to detect *before failure* cracks in the lower spar of wing assemblies that could result in wing separation from the aircraft. We agree with cross-appellant's argument that this constituted evidence of a subsequent remedial measure that was inadmissible under Ark. R. Evid. 407. That rule precludes proof of negligence or culpable conduct by evidence of measures taken after an event that, if taken previously, would have made the event less likely to occur. Although evidence of subsequent remedial measures need not be excluded under Rule 407 if offered for another purpose, *see id.*, or where the subsequent remedial measure is taken by a third party rather than by a defendant, *see Ford Motor Co. v. Nuckolls*, 320 Ark. 15, 894 S.W.2d 897 (1995), we can discern no purpose for this evidence other than to show culpability on the part of Ayres, and there is no indication in the record before us that the bulletin was issued by a third party other than Ayres. In the absence of any applicable exception to Rule 407, we hold that the trial court erred in permitting evidence of SB-AG-39.

Reversed on direct appeal; affirmed in part and reversed in part on cross-appeal; and remanded.

ROBBINS, C.J., and NEAL, and ROAF, JJ., agree.

CRABTREE and JENNINGS, JJ., dissent.

TERRY CRABTREE, Judge. From a verdict for the defendant in this case, the appellants appeal alleging that the trial court erred in permitting two witnesses to testify as to the reputation of the deceased as a pilot. I disagree with the majority opinion that the issue was preserved for appeal and that the plaintiff was prejudiced by the testimony.

The appellant filed a Motion in Limine to preclude the introduction of certain evidence. The Motion requested the court to prohibit the defendants from mentioning or referring to any of the following matters in the presence of the jury until each of the matters was brought to the attention of the court outside the presence of the jury: 1) prior aircraft accidents involving James H. Lawhon; 2) beverage consumption of the deceased; 3) reference to

National Transportation and Safety Board Factual Report or Prox-imate Cause; 4) stipulations; 5) reference to the motion; and, 6) that opposing counsel show in advance all demonstrative evidence they propose to introduce at trial. Mr. Goss, attorney for the one of the defendants, actually brought up the issue concerning repu-tation in the community for recklessness. The following colloquy occurred between the parties and the court:

> MR. GOSS: As to the reputation evidence, your Honor, or evidence of being a reckless pilot, some of that — that's just rep-utation not necessarily based on things that are more than ten years in the past. I think it will be more —

> MR. ROSCOPF: (*Interposing*) If your Honor please that Bell Helicopter case hits that right on the — right on the head.

> MR. HICKY: Your Honor, let me say this. The Bell Heli-copter case went to competency at a certain time. It did not go to reputation. We are talking about reputation in the community of a person which I seriously contend that under the Rules of Evidence permit that type of proof, and it is certainly going to be indicated that the method and manner in which Mr. Lawhon entered the field on this occasion was a reckless manner.

> MR. ROSCOPF: If your Honor please there is no question that they can offer evidence in that respect. But insofar as offer-ing proof of prior occurrences or reputation of prior occurrences, that is absolutely irrelevant; and certainly, if it isn't irrelevant under 402 it is highly prejudicial and its probative value is over-come by the prejudicial nature of that kind of testimony and we submit that even evidence of testimony of reputation would not be admissible and should be excluded in this case.

> THE COURT: I think reputation can be brought in. It is admissible. I don't want any beer — beverage consumption talked about, and then of course reputation is supposed to be reputation testimony, not factual proof. The rules cover that and how you are supposed to handle that.

> MR. GOSS: That's the way we intend to, your Honor.

> THE COURT: Now there's, obviously on cross examination and things like that you can get into some factual things involving

somebody testifying about somebody's reputation, but I think you all know what the rules say about it when you present reputation testimony. It's not factual incidents, it's reputation.

MR. ROSCOPF: If your Honor please we would like to note — we would like to note our objection to that ruling.

THE COURT: It will be noted.

The plaintiff failed to object when questions concerning the reputation of the deceased were asked during trial. We have held many times that failure to object to the testimony at trial precludes review by this court. The reasoning behind the rule is obvious; the parties must give the trial court the opportunity to decide the issue before presenting it on appeal. *Berry v. St. Paul Fire & Marine Ins. Co.*, 328 Ark. 553, 944 S.W.2d 838 (1997). There are exceptions to this rule and one of the exceptions is a ruling on a Motion In Limine. In *Neal v. State*, 320 Ark. 489, 898 S.W.2d 440 (1995), the Supreme Court stated: "When a motion in limine seeking to exclude evidence has been denied, the objection raised in the motion may be pursued on appeal without its having been renewed when the evidence was received." In my opinion, the plaintiff did not request specific relief in his Motion in Limine that dealt with general reputation evidence but requested that reference to evidence of specific acts of the deceased be precluded without first advising the court. The trial court granted all the relief requested by the appellant. The issue of general reputation evidence was brought up during the discussion between the attorneys and the court by one of the defendants' attorneys. Further, in my opinion, the gist of the trial court's ruling was that the reputation evidence would be admitted according to the rules and the circumstances. This is far from a definitive ruling that would eliminate the need for a contemporaneous objection. The plaintiff should have apprised the trial court of its objection to the evidence at the time it came in to give the court the opportunity to rule on the issue.

Finally, I cannot agree that the plaintiff was prejudiced by the testimony that was elicited from two witnesses. The first state-

ment alleged to have been prejudicial was the response to the attorney's question:

> Q: And his reputation, I believe you told me in your deposition, was that he was a skillful pilot but that he also had a reputation of being reckless, is that correct?

> A: That's correct, yes sir.

The second statement was by Allen Bruce Hayes and was as follows:

> Q: What was Mr. Lawhon's reputation as a pilot?

> A: Jim did an excellent job for the farmers, but he was extremely hard on his equipment — a cowboy and hard on an airplane.

Mr. Hayes went on to testify that the deceased was a ton over gross when he took off.

The record in this case consists of 1,447 pages. Twelve witnesses testified, including expert witnesses. This case was vigorously tried to a jury. It is difficult to imagine that two sentences, one agreeing with a statement made by the attorney for the defendant and another that the deceased did an excellent job but was a cowboy and hard on an airplane, were sufficient for the jury to disregard the documentary evidence, photographs, other testimony of the witnesses, and the expert testimony contained in a record consisting of 1,447 pages. In my opinion, there is no prejudice, and the trial court should be affirmed.

I dissent.

JENNINGS, J., joins in this dissent.