Cite as 2022 Ark. App. 451

# ARKANSAS COURT OF APPEALS

## DIVISION II

No. CV-20-364

| | |
|---|---|
| MORRAND ENTERPRISES, LLC<br>APPELLANT<br><br>V.<br><br>SACHS/HAYNES 503, LLC; AND HCH TOYOTA, LLC<br>APPELLEES | Opinion Delivered November 9, 2022<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. 04CV-16-803]<br><br>HONORABLE JOHN R. SCOTT, JUDGE<br><br>AFFIRMED |

## BART F. VIRDEN, Judge

Appellant Morrand Enterprises, LLC ("Morrand"), appeals from the Benton County Circuit Court's judgment in favor of appellees, HCH Toyota, LLC, and Sachs/Haynes 503, LLC ("HCH and Sachs"), on Morrand's claims for breach of contract, conversion, and unjust enrichment. The appeal returns to this court after we reversed and remanded the trial court's summary judgment in favor of HCH and Sachs. GM *Enters., LLC v. HCH Toyota, LLC*, 2018 Ark. App. 607, 567 S.W.3d 878.[1] After a trial on the merits, judgment was entered against Morrand. Morrand raises three points for reversal: (1) the trial court erred in denying its motion for summary judgment based on the law of the case; (2) the trial court failed to follow

---

[1]After remand, GM Enterprises, LLC, was renamed Morrand Enterprises, LLC.

Arkansas contract law and the law of the case; and (3) the trial court erred in denying its claim for unjust enrichment. We affirm.

Because we do not reach the merits of Morrand's arguments for procedural reasons, it is not necessary to delve too deeply into the facts. In GM *Enterprises*, we concluded that summary judgment was not appropriate on Morrand's claim for breach of contract regarding lease-termination agreements ("LTAs"). We also reversed on Morrand's conversion claim as a result of the reversal of the breach-of-contract claim. Further, we reversed as to Morrand's claim for unjust enrichment because the trial court had dismissed the claim solely in reliance on the existence of a written contract without considering any exceptions to the general rule. Our mandate issued February 21, 2019.

On April 16, 2019, Morrand filed a motion for summary judgment on the basis that there were no material facts at issue. Morrand referred to GM *Enterprises* in its argument at the hearing on the summary-judgment motion and suggested that certain matters had been established in that opinion; however, in denying Morrand's motion, the trial court simply said that there were material issues of fact to be tried. In its order denying the motion, the trial court bifurcated the upcoming trial with factual issues to be decided by a jury and equitable theories to be determined by the court.

At trial, the trial court framed the issue for the jury, stating that the jury's job was to interpret the parties' leases. Morrand's counsel agreed with that characterization of the issue. The jury unanimously found for HCH and Sachs on Morrand's claim for breach of contract.

Nine jurors found for HCH and Sachs on Morrand's conversion claim. Finally, the trial court concluded that HCH and Sachs had not been unjustly enriched.

## I. *Denial of Summary Judgment*

Morrand argues that the trial court erred in not granting its motion for summary judgment given the law of the case established by this court in GM *Enterprises*. The denial of summary judgment, however, is generally not reviewable on appeal. *See City of Little Rock v. Nelson ex rel. Nelson*, 2020 Ark. 34, 592 S.W.3d 633. This is true even after a trial on the merits. *Id.* A denial of summary judgment is reviewable only when it results in a denial of sovereign immunity or the immunity of a government official. *Id.* Because this case does not involve any claims of immunity, these exceptions do not apply. Nor is this a case in which the trial court's denial of the motion was combined with a dismissal on the merits that effectively terminated the proceeding below. *See Johnson v. Simes*, 361 Ark. 18, 204 S.W.3d 58 (2005). Therefore, we do not address Morrand's first argument since it pertains to the denial of its summary-judgment motion.

## II. *Law of the Case and Contract Law*

We explained the law-of-the-case doctrine in *Turner v. Northwest Arkansas Neurosurgery*, 91 Ark. App. 290, 210 S.W.3d 126 (2005):

> The law-of-the-case doctrine provides that the decision of an appellate court establishes the law of the case for the trial court upon remand and for the appellate court itself upon subsequent review and is conclusive of every question of law and fact previously decided in the former appeal, and also of those that could have been raised and decided in the first appeal, but were not presented. The rule is grounded on a policy of avoiding piecemeal litigation. Thus, the law-of-the-case doctrine prevents consideration of an argument that could have been made at trial and also

> prevents consideration of an argument that could have been raised in the first appeal and is not made until a subsequent appeal. However, when the evidence materially varies, the law-of-the-case doctrine has no application. The law-of-the-case doctrine is conclusive only where the facts on the second appeal are substantially the same as those involved in the prior appeal and does not apply if there was a material change in the facts.

*Id.* at 298–99, 210 S.W.3d at 133–34.

Whether the law-of-the-case doctrine was properly invoked and to what extent it applies to a case are questions of law that we review de novo. *See Convent Corp. v. City of N. Little Rock*, 2021 Ark. 7, at 17, 615 S.W.3d 706, 716 ("As to issues of law presented, our review is de novo."). Morrand's overarching law-of-the-case argument is not preserved for review because, although Morrand raised the general principle below, Morrand either failed to raise a proper objection or failed to get a specific ruling at various points through the trial court proceedings. *Foreman v. State*, 328 Ark. 583, 945 S.W.2d 926 (1997) (when there was no law-of-the-case argument made to the trial court and no indication whether the trial court heard counsel mention law of the case to the prosecutor, and where the appellant failed to obtain a ruling on the matter, the issue was not preserved for review). It is incumbent on the parties to raise arguments initially to the trial court in order to give that court an opportunity to consider them; otherwise, the appellate courts are placed in the position of possibly reversing a trial court for reasons not addressed by that court. *ProAssurance Indem. Co., Inc. v. Methany*, 2012 Ark. 461, 425 S.W.3d 689. The appellate courts will not address arguments that are not preserved. *Id.*

We will briefly address Morrand's second point for the sole purpose of showing missed opportunities for preservation of its arguments. In its second point, Morrand does not challenge the jury's decision on its breach-of-contract claim; rather, Morrand argues that the trial court failed to follow the law of the case established by this court in *GM Enterprises* and thereafter failed to follow Arkansas contract law. There are three subpoints to Morrand's argument: (1) the trial court did not perform its role as gatekeeper for extrinsic evidence; (2) the trial court included jury instructions that directly contradicted the law of the case; and (3) the trial court refused to permit Morrand to present evidence of the law of the case to the jury.

## A. Extrinsic Evidence

Morrand argues that the trial court erred in permitting HCH and Sachs to introduce extrinsic evidence to explain an ambiguity in the contracts given the law of the case. Specifically, Hunter Haynes, then managing member of HCH and a member of Sachs, testified at trial regarding his intent with respect to the contracts and about the parties' conduct surrounding the execution of the contracts. At the summary-judgment hearing, counsel for Morrand remarked that any testimony offered by Haynes about his understanding of the contracts would be impermissible parol evidence; however, Morrand did not get a specific ruling on that contention. Moreover, during Haynes's testimony at trial, Morrand admits that it "did not orally object to each piece of inadmissible parol evidence to avoid what was sure to be a constant and persistent stream of trial interruptions." In fact, Morrand raised no contemporaneous objection during the trial testimony with

respect to allegedly inadmissible parol evidence, which precludes this court from addressing the matter on appeal. *Dye v. Precision Found. Specialties & Flow Rite Drainage Sols., Inc.*, 2022 Ark. App. 220, 646 S.W.3d 168 (failure of homeowners to make contemporaneous objection to jury's having been led in a single-file line through their home during trial between residential contractor and homeowners over breach-of-contract claims arising from home repairs precluded appellate review); *cf. Allstate Ins. Co. v. Dodson*, 2011 Ark. 19, 376 S.W.3d 414 (when appellant filed a motion in limine and objected throughout expert's testimony, argument was preserved for appeal).[2] While Morrand did file a motion in limine, the motion did not seek to exclude Haynes's testimony regarding his understanding of the contracts. In any event, Morrand invited the testimony to which it now objects. Morrand called Haynes as its first witness and asked on direct examination what language in the contract conveyed to him that HCH and Sachs were entitled to a full month's rent. *See Rhine v. Haley*, 238 Ark. 72, 378 S.W.2d 655 (1964) (recognizing that, even if it was improper for client in legal-malpractice suit to testify on redirect examination about legal meaning and effect of property-settlement agreement, attorney could not complain where he cross-examined client about her understanding as to the agreement's meaning). Morrand's argument on extrinsic

---

[2]In its reply brief, Morrand cites *Sutton v. State*, 311 Ark. 435, 844 S.W.2d 350 (1993), and *Huls v. State*, 27 Ark. App. 242, 770 S.W.2d 160 (1989), for the proposition that raising an objection by pretrial motion without a corollary objection at trial is sufficient to preserve the issue for appeal. Both of those criminal cases involved pretrial motions in limine. Morrand filed a motion in limine here, but that motion pertained to preventing any mention of Kenrick Morrand's wealth—not with keeping out Haynes's testimony about the meaning he assigned to the parties' contractual language in the LTAs.

evidence is not preserved for review. *Longley v. Gatewood*, 2017 Ark. App. 48, 512 S.W.3d 683.

## B. Jury Instructions

Morrand argues that the trial court erred in giving two instructions—numbers twelve and fourteen. Those instructions provided, in relevant part, that the jury was charged with the duty of interpreting the contract to give effect to what the parties intended when they made the agreement and that the jury should give weight to the meaning placed on the language by the parties themselves as shown by their circumstances, acts, or conduct after the contract was made.

Prior to trial, Morrand sent a letter to the court in which it voiced its objections to various proposed instructions, including numbers twelve and fourteen; however, the record does not show that the trial court ruled with respect to the letter. Moreover, the record before us does not demonstrate that Morrand raised a law-of-the-case objection to these particular instructions at trial before the trial court instructed the jury. Morrand's pretrial letter was not sufficient to preserve the matter for appeal. *Found. Telecomms., Inc. v. Moe Studio, Inc.*, 341 Ark. 231, 16 S.W.3d 531 (2000) (holding that letter to court stating an objection was not sufficient to preserve issue). Morrand must have objected when the instructions were given at trial. *Roggasch v. Sims*, 2016 Ark. App. 44, 481 S.W.3d 440 (when the appellants did not make a timely objection to a particular jury instruction at trial, it was not preserved for review). In any event, Morrand's letter to the court did not mention any type of law-of-the-case objection or even this court's decision in GM *Enterprises*. Morrand's letter of objections

7

did not assert that there was no ambiguity in the contracts. Rather, the gist of the letter was that the trial court must make a prior determination that a contract or a contract term is ambiguous before instructions twelve and fourteen could be included. While Morrand's reply brief makes some passing reference to an apparently unrecorded discussion on jury instructions that was held in chambers, Morrand does not assert that it made a law-of-the-case objection; rather, Morrand falls back on the objections raised in its letter, which, as we have pointed out, only state that a prior determination of ambiguity must be made before the instructions may be included. Morrand further asserts in the reply brief that, with respect to the prior determination that must be made, "**[t]hat is the objection**" (emphasis in original). Here, the trial court made such determination prior to trial when it framed the issue to say that the jury's job was to interpret the parties' contracts. Under these circumstances, Morrand's argument regarding jury instructions is not preserved for review.

## C. Proffer of Evidence

Morrand argues that the trial court further erred in refusing its request to present the law of the case to the jury. During Haynes's testimony on redirect examination, Morrand sought to introduce this court's opinion in GM *Enterprises* after asking Haynes whether he remembered the previous litigation. The trial court would not allow admission of the opinion but granted Morrand's request to proffer the opinion. At the conclusion of the trial, Morrand proffered the opinion but did not indicate how the opinion could have been admissible during Haynes's testimony. Specifically, it was not clear what questions Haynes would have been asked about the opinion or what his responses would have been. *Copeland*

8

*v. State*, 343 Ark. 327, 37 S.W.3d 567 (2001) (where an appellant during proffer failed to offer the substance of a witness's testimony on which he would rely, the matter was not preserved). In any event, if Morrand wanted either the opinion or language from the opinion to be presented to the jury, it would have been by way of a jury instruction. Indeed, Morrand stated during its proffer that the jury had not been instructed on the law of the case. Morrand, however, did not proffer a proposed jury instruction on the law of the case or an instruction containing any language from *GM Enterprises*. Morrand's argument regarding its proffer of evidence is not preserved for review.

### III. *Unjust Enrichment*

Morrand argued below that HCH and Sachs had been unjustly enriched because they received $157,960.85 for one day's rent, but the trial court ruled that HCH and Sachs were entitled to the money. Morrand contends on appeal that this contradicts the law of the case.

In its judgment, the trial court found that HCH and Sachs had a contractual right to the payments under the LTAs. In addition, the trial court found that unjust enrichment was inappropriate because Morrand had waived and released any claim for return of the rent payments and that Morrand had failed to do equity, i.e., had unclean hands. Morrand does not address these additional reasons for dismissal of its unjust-enrichment claim. When a separate and independent ground that supports a judgment is not challenged on appeal, the appellate court must affirm. *Elaine Petroleum Distrib., Inc. v. Snyder*, 2022 Ark. App. 59, 640 S.W.3d 704.

Affirmed.

GRUBER and VAUGHT, JJ., agree.

*Doss Law Firm, P.A.*, by: *D. Westbrook Doss, Jr.*, and *Alex T. Shirley*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *Clifford W. Plunkett* and *Joshua C. Ashley*, for appellees.